May 5th, 1610,
Waties,.J ,
delivered the opinion of the whole court. The opinion delivered agreed in substance with that 1 had prepared, as follows. In order to decide correctly the point sub. mitted, it will be proper to consider the intent and policy of the law which establishes the summary jurisdiction of the Courts of Common Pleas, the objects to be attained, and the mischiefs to be eschewed by it. The law was passed in the year 1769. It is contained in the act for establishing courts, and for the more convenient administration of justice. P. L. 208. The general purpose of the legislature in passing the act was, to remedy the many evils which existed in consequence of the courts being held, but at one place in the province, for the administration of justice. Two in. conveniences were principally intended to be relieved against, namely, delay, and expense. The clause of the act which authorizes the judges to decide, in'a summary 'way, causes of action, in value not exceeding £20 sterling, seems principally intended to remove those two inconveniences. It was intended also to facilitate the despatch of business. It does not appear that it was intended to give any preference to small debts, or claims, over those of greater amount; to creditors claiming a sum not exceeding £20 to those claiming beyond that sum. No just or reasonable motive, founded ■in justice or policy, can be conceived to have influenced the miijd of the legislature in establishing any such preference. That the law does, in many instances, operate that effect! cannot be denied ; but that the legislature had this as an object in view to be attained, cannot be shown, nor can it be reasonably presumed. On the contrary, had it been practicable, there is reason to suppose this preference would have been provided against. But this could not be done consistently with the objects principally in view in passing the act.
Whenever the bringing the action within the summary jurisdiction of the court, is not done according to the true meaning and spirit of the law, it ought to be discouraged. The law was made for the convenience of the defendant, as well as of the plaintiff, to avoid expense. It was made more with a view to his convenience, than to afford an extraordinary remedy to the plaintiff. The particular ■convenience of that class of suiters, who should have cause of ac- *431 tioti not exceeding £20, was not apparently an object in the view of the legislature ; but the objects were, the despatch of business, and avoidance of unnecessary expense. The notes in question in this case were both, it seems, placed at the same time in the hands of an attorney for collection, ánd were both due at that, time ; and were both due to the same person. There was no necessity to bring t'wo actions. No injury could result to the plaintiff front embracing both demands in the same action. The public interest is promoted, jvhen the currents of litigation are confined within as few channels as possible, consistently with the ends of justice.
Motion rejected.